# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>**United States Postal Service ("USPS") Priority Mail parcel bearing tracking number 9505 5147 1698 4123 3539 86** | )<br>)<br>) Case No. 8:24-MJ-00219-DUTY<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

located in the Central District of California, there is now concealed *(identify the person or describe the property to be seized)*:

*See Attachment B*

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution and Possession with Intent to Distribute a Controlled Substance |
| 21 U.S.C. § 843(b) | Unlawful Use of a Communication Facility (Including the Mails) to Facilitate the Distribution of a Controlled Substance |

The application is based on these facts:

*See attached Affidavit*

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days (*give exact ending date if more than 30 days*: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Gabriel Gutierrez
*Applicant's signature*

Gabriel Gutierrez, USPIS Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: _____

_____
*Judge's signature*

City and state: Santa Ana, California    Hon. Karen E. Scott, U.S. Magistrate Judge
*Printed name and title*

AUSA: Brian Yang (714) 338-3534

# AFFIDAVIT

I, Gabriel Gutierrez, being duly sworn, declare and state as follows:

## I. BACKGROUND AND EXPERIENCE

1. I am a Task Force Officer ("TFO") with the United States Postal Inspection Service ("USPIS") and have been so employed since June 2022. I am currently assigned to the Contraband Interdiction and Investigations South Team of the Los Angeles Division, which is responsible for investigating drug trafficking violations involving the United States Mail. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7). Specifically, I am an officer of the United States empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. Prior to being assigned as a TFO with the USPIS, I worked full-time as a sworn law enforcement officer with the Santa Ana Police Department, including as a narcotics detective. I have been a sworn law enforcement officer with the Santa Ana Police Department since April 2009. I have approximately 14 years of investigative experience.

2. I have received training and have experience investigating violations of state and federal narcotics and money laundering laws, including, but not limited to Title 21, United States Code, Sections 841, 846, 952, 959 and 963 and Title 18, United States Code, Section 1956(a). I have been involved with various electronic surveillance methods including state and

federal wiretap investigations, the debriefing of informants and witnesses, as well as others who have knowledge of the manufacturing, distribution, transportation, storage, and importation of controlled substances and the laundering of drug proceeds.

3. I have participated in many aspects of drug investigations, including investigations into the smuggling of illegal drugs, money laundering, and extortion related to drug trafficking. I am familiar with narcotics traffickers' methods of operation, including the manufacturing, storage, transportation, and distribution of narcotics, the collection of money that represents the proceeds of narcotics trafficking, and money laundering. I am also familiar with the way narcotics traffickers transport and distribute narcotics in areas they control. I am familiar with how drug traffickers utilize counter-surveillance techniques to avoid detection by law enforcement. I also know that drug traffickers often communicate with their drug-trafficking associates using cellular telephones. I have become aware that more sophisticated drug trafficking networks now utilize the dark web, e-mail, Blackberry devices, Voice over Internet Protocol, video chat, internet messaging services, and social networking sites to communicate with one another. During drug-related communications, traffickers often use coded or cryptic language to disguise the drug-related nature of their conversations.

4. In addition to my normal TFO duties, I also serve as a canine handler for the USPIS. My police canine partner, "Poppy,"

is certified in narcotics detection. Poppy and I attended the Scenturion Canine Consulting LLC Narcotics Detection course in April 2021. During this course, Poppy received 160 hours of instruction in the detection of the odor of marijuana, methamphetamine, cocaine, and heroin. Poppy and I receive yearly certification from the California Narcotic Canine Association in narcotics detection. I am familiar and knowledgeable in the behaviors Poppy engages in when he detects the presence of the odor of illegal narcotics. I conduct continual training with Poppy by hiding various narcotics in different locations such as buildings, vehicles, bags, parcels, and open areas. This training includes proofing Poppy on odors such as plastic, boxes, latex, tape, metal, currency (circulated and uncirculated), parcel packaging material, glass pipes, and food. I also proof Poppy of my human odor. This training is ongoing and continuous.

## II.   PURPOSE OF AFFIDAVIT

5. This affidavit is made in support of an application for a search warrant to search the following parcel, also described in Attachment A:

    a. A United States Postal Service ("USPS") Priority Mail parcel bearing tracking number 9505 5147 1698 4123 3539 86 (the "**SUBJECT PARCEL**"). It is a white medium flat rate box and is addressed to "Louie C. 6220 Fulton St. Apt. 3 San Francisco, CA 94121." The listed return address is "Dave R. 11641 Donna Ln. Garden Grove, CA 92840". The **SUBJECT PARCEL** was postmarked on May 2, 2024, in the 92842-zip code. It is currently in the

3

custody of the United States Postal Inspection Service ("USPIS") in Santa Ana, California.

6.   The items to be seized, listed in Attachment B, constitute the fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Sections 841(a)(1) (Distribution and Possession with Intent to Distribute a Controlled Substance) and 843(b) (Unlawful Use of a Communication Facility (Including the Mails) to Facilitate the Distribution of a Controlled Substance).  Attachments A and B are incorporated herein by reference.

7.   The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only, and all dates and times are on or about those dates indicated.

### III. STATEMENT OF PROBABLE CAUSE

**A.   Background**

8.   Based on my training and experience as a Task Force Officer, and the experiences related to me by fellow Postal Inspectors who specialize in drug investigations, I know the following:

4

        a.    The greater Los Angeles area is a major source area for drugs.  As such, drugs are frequently transported from the region via the United States Mail, and the proceeds from drug sales are frequently returned to Los Angeles through the mail.  These proceeds are generally in the form of money orders, bank checks, or similar monetary instruments in an amount over $1,000.

        b.    Drug distributors often use USPS Priority Mail Express, which is the USPS overnight/next day delivery mail product, or Priority Mail Service, which is the USPS two-to-three-day delivery mail product.  Drug distributors use the Priority Mail Express delivery service because of its speed, reliability, and the ability to track the parcel's progress to delivery.  Drug distributors use the Priority Mail delivery service because it provides them more time for travel between states if they decide to follow their shipments to their destination for distribution.  Also, by adding delivery confirmation to a Priority Mail parcel, drug traffickers have the ability to track the parcel's progress to the intended delivery point, as if the parcel had been mailed using the Priority Mail Express Service.

    9.    Based on information derived and built upon over many years, I, like other Postal Inspectors and Task Force Officers, look for certain characteristics when examining Priority Mail Express and Priority Mail for controlled substances or drug proceeds.  These characteristics include:

        a.    The parcel is contained in a box, flat cardboard mailer, or Tyvek envelope;

5

b. The parcel bears a typed label, whether USPS Express Mail or Priority Mail;

c. If the parcel bears a handwritten label, the handwritten label does not contain a business account number;

d. The seams of the parcel are all taped or glued shut;

e. The parcel emits an odor of a cleaning agent or adhesive or spray foam that can be detected by a human; and

f. Multiple parcels are mailed by the same individual, on the same day, from different locations.

10. Parcels exhibiting such indicia are often examined further, which may include verification of the addressee and return addresses. I know from my training and experience that drug traffickers often use fictitious or incomplete names and addresses in an effort to conceal their identities from law enforcement officers. To the extent that real addresses are ever used, it is only to lend a legitimate appearance to the parcel and is almost always paired with a false name.

B. **Investigation Regarding the SUBJECT PARCEL**

11. In August 2023, I began a joint investigation with United States Postal Inspectors from the Boise, Idaho area. During their investigation, they had identified and seized parcels containing narcotics that were mailed from Santa Ana, California.

12. The SUBJECT PARCEL shares similarities to other parcels that have been seized and searched pursuant to a federal search warrant.

13. Specifically, on March 14, 2024, I identified a USPS Priority Mail Express parcel with a return address of "David R.

1902 S Ross St. Santa Ana, CA 92707". I conducted ACCURINT database checks[1] on both the sender and recipient addresses for this parcel and determined that the listed parties were not associated with the listed addresses. I also had my police canine partner, Poppy, examine this parcel. Poppy positively alerted to the presence of narcotics or other items, such as the proceeds from the sale of drugs that have been recently contaminated by or associated with the odor of drugs. Based on this information, on March 18, 2024, the Honorable Douglas F. McCormick, United States Magistrate Judge, issued a federal search warrant (Case Number 8:24-MJ-00129). Upon searching this parcel, I discovered approximately 38.4 grams of dry marijuana and approximately 174.1 grams of THC edibles.

14. On May 1, 2024, I was advised by United States Postal Inspectors from the Boise, Idaho area that a controlled buy was conducted regarding this ongoing investigation. They expected the parcel to be shipped on May 2, 2024. I responded to the Garden Grove Post Office, located at 10441 Stanford Ave, Garden Grove, CA 92842, and waited for one of the identified suspects to arrive at the location. At approximately 5:03 p.m., an identified suspect arrived at the Sunflower Post Office and completed a transaction involving six parcels. I inspected each parcel and located the parcel that was intended to be shipped to Postal Inspectors in Boise, Idaho. I also held a second parcel addressed to the City

---

[1] ACCURINT is a database used by law enforcement that collects data from sources including public records, through which investigators can run queries for names, addresses, telephone numbers, and other identifying information.

of San Francisco, California for further inspection (the "**SUBJECT PARCEL**"). I selected this package for further inspection because it was destined to a state and city that has legalized commercial marijuana sales. The remaining parcels were allowed to be shipped.

    **C.    Inspection of the SUBJECT PARCEL**

15. On May 2, 2024, I inspected the **SUBJECT PARCEL** and noticed it possessed characteristics common for parcels that contain contraband. Specifically, the **SUBJECT PARCEL** had handwritten sender and recipient information, and tape was used to seal the box on each open seam. The listed sender was, "Dave R. 11641 Donna Ln., Garden Grove, CA 92840". The listed recipient was "Louie C., 6220 Fulton St., Apt. 3, San Francisco, CA 94121".

16. On May 2, 2024, I conducted an ACCURINT database check using the information listed the **SUBJECT PARCEL**. I was unable to find the name "Louie C." associated with the listed recipient address. I was also unable to find the name "Dave R." associated with the listed sender address.

    **D.    Positive Canine Alert on the SUBJECT PARCEL**

17. On May 3, 2024, I had my certified drug-detection dog, "Poppy," examine the exterior of the **SUBJECT PARCEL**. K9 Poppy positively alerted to the **SUBJECT PARCEL,** indicating the presence of drugs or other items such as the proceeds from the sale of drugs, which have been recently contaminated by or associated with the odor of drugs. Attached hereto as Exhibit 1, which I incorporate fully herein by reference, is a document setting forth information from me regarding Poppy's training and history in

8

detecting controlled substances, and Poppy's examination of the **SUBJECT PARCEL**.

## IV. CONCLUSION

18. For all the reasons above, there is probable cause to believe that the **SUBJECT PARCEL**, as described in Attachment A, contains evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (Distribution and Possession with Intent to Distribute a Controlled Substance) and 843(b) (Unlawful Use of a Communication Facility (Including the Mails) to Facilitate the Distribution of a Controlled Substance), as described in Attachment B.

/s/
Gabriel Gutierrez
Task Force Officer, USPIS

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this ____ day of May,
2024.

_____
HONORABLE KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### PARCEL TO BE SEARCHED

A United States Postal Service ("USPS") Priority Mail parcel bearing tracking number 9505 5147 1698 4123 3539 86 (the "**SUBJECT PARCEL**").  It is a white medium flat rate box and is addressed to "Louie C. 6220 Fulton St. Apt. 3 San Francisco, CA 94121."  The listed return address is "Dave R. 11641 Donna Ln. Garden Grove, CA 92840". The **SUBJECT PARCEL** was postmarked on May 2. 2024, in the 92842-zip code.  It is currently in the custody of the United States Postal Inspection Service ("USPIS") in Santa Ana, California.

**ATTACHMENT B**

**ITEMS TO BE SEIZED**

The following items are to be seized from the parcel described in Attachment A, which constitute evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (Distribution and Possession with Intent to Distribute a Controlled Substance) and 843(b) (Unlawful Use of a Communication Facility (Including the Mails) to Facilitate the Distribution of a Controlled Substance):

    a.   Any controlled substances, including marijuana.

    b.   Currency, money orders, bank checks, or similar monetary instruments in quantities over $1,000; and

    c.   Packaging material.

# EXHIBIT 1

## AFFIDAVIT

### HANDLER GABRIEL GUTIERREZ
### AND K9 "POPPY"

I am currently employed by the Santa Ana Police Department, and assigned as a Detective to the Vice/Narcotics Unit. As of April 7th, 2021, I was assigned as a Narcotic Detection Canine Handler. "Poppy" who is a 3 year old female Black Labrador Retriever, was acquired by the Santa Ana Police Department on April 7th, 2021. Subsequently, I was assigned as POPPY'S full-time canine handler on this day.

POPPY and I have received training as a Narcotic Detection Canine Team by "Scenturion Canine Consulting LLC," which is located in Fontana, California. Poppy and I completed 4 weeks of formal Narcotic Detection Training taught by "Scenturion Canine Consulting LLC" from April 12, 2021 through May 6th, 2021. During that time, POPPY has been trained to detect and alert to the odors of Marijuana, Methamphetamine, Cocaine, Heroin, MDMA (Ecstasy) and their derivative. POPPY has been trained to show a "passive alert" in response to detecting any of these narcotic odors. Prior to her final alert POPPY will often make sudden change of direction towards the source of the odor, her breathing pattern will change and she may take several deep inhalations through his nose, and then appear to stop taking breaths. Also, without direction, POPPY may also jump up into and/or crawl under obstacles to get closer to the source of the odor(s). This passive alert may also indicate item(s) that may have recently been contaminated with the odor of one or more of the aforementioned narcotics for which POPPY has been trained to detect.

Also, while training at "Scenturion Canine Consulting LLC," POPPY and I completed over 400 narcotic related and "blank" sniffs. These sniffs consisted of commercial buildings, residential homes, vehicles, transport trucks, packages/parcels, luggage, and many other different types of structures and objects. During these training sessions, the "training aids" were concealed in various locations, inside and/or outside, and POPPY was used to detect and locate them. POPPY and I, have also conducted sniffs where there were no narcotics present (blanks), and POPPY did not adversely alert to these locations that were deemed blank.

On May 6th, 2021, POPPY and I passed the initial California POST certification process through "CNCA," which was conducted by a recognized CNCA Certified K9 trainer/instructor, to detect the odors of Marijuana, Methamphetamine, Cocaine, Heroin, MDMA (Ecstasy) and their derivative. It was on this day, POPPY and I became a CA POST Certified Narcotics Detection Team. On January 14, 2022, December 22, 2022 and November 7, 2023, POPPY and I re-certified as a CA POST Certified Narcotics Detection Team through "CNCA". I am also a current member of the California Narcotics Officers Association (CNOA).

During the week of June 6, 2023, Poppy was trained to detect and alert to the odor of Fentanyl and its derivatives. On June 9, 2023, Poppy and I passed the California POST certification process through "CNCA," which was conducted by a recognized CNCA Certified K9 trainer/instructor, to detect the odor of Fentanyl and its derivatives.

On May 3, 2024, my police canine and I assisted with a narcotic parcel investigation. Canine Poppy alerted to the presence of the odor of illegal narcotics emitting from the following parcel.

USPS Parcel: 9505 5147 1698 4123 3539 86

Addressed To: Louie C.
6220 Fulton St. Apt. 3
San Francisco, CA 94121

Detective Corporal G. Gutierrez #3252
Santa Ana PD